# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TINA PICONE, on behalf of herself and all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> SHIRE U.S., INC.; SHIRE, LLC, ACTAVIS ELIZABETH LLC, ACTAVIS INC., and JOHN DOES 1-100; ABC CORPS 1-100, inclusive <br><br> *Defendants.* | Case No. 1:16-cv-12396 (ADB) (Indirect) |
| FWK HOLDINGS, LLC, on behalf of itself and all other similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> SHIRE PLC, SHIRE LLC, SHIRE U.S., INC., TEVA PHARMACEUTICAL INDUSTRIES LTD, AND TEVA PHARMACEUTICALS USA, INC. <br><br> *Defendants.* | Case No. 1:16-cv-12653 (ADB) (Direct) |
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> SHIRE LLC, SHIRE U.S., INC., ACTAVIS ELIZABETH LLC, AND ACTAVIS LLC, <br><br> *Defendants.* | Case No. 1:17-cv-10050 (ADB) (Direct) |
| CARMEN RICHARD, on behalf of herself and all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> SHIRE U.S., INC.; SHIRE, LLC, ACTAVIS ELIZABETH LLC, ACTAVIS INC., and JOHN DOES 1-100; ABC CORPS 1-100, inclusive, <br><br> *Defendants.* | Case No. 1:17-cv-10117 (ADB) (Indirect) |

SHERRI CUMMISFORD, on behalf of herself
and all others similarly situated,

*Plaintiff,*

v.

SHIRE U.S., INC.; SHIRE, LLC, ACTAVIS
ELIZABETH LLC, ACTAVIS INC., and
JOHN DOES 1-100; ABC CORPS 1-100,
inclusive,

*Defendants.*

Case No. 1:17-cv-10156 (ADB)
(Indirect)

**MEMORANDUM OF LAW IN SUPPORT OF THE JOINT MOTION FOR
CONSOLIDATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 42(a),
ENTRY OF CASE MANAGEMENT ORDER NO. 1, AND A STATUS CONFERENCE**

Pursuant to Fed. R. Civ. P. 42(a), the direct purchaser plaintiffs FWK Holdings, LLC and Rochester Drug Co-Operative, Inc. ("the DPPs"); the indirect purchaser plaintiffs Tina Picone, Carmen Richard, and Sherri Cummisford, ("the IPPs") (collectively with the DPPs, "the plaintiffs"); and defendants Shire LLC and Shire U.S., Inc., (collectively "Shire"), and Actavis Elizabeth LLC, Actavis LLC, and Teva Pharmaceuticals USA, Inc. (collectively "Actavis," and, together with Shire, "the defendants") respectfully move for entry of their jointly proposed Case Management Order No. 1:

    (a) consolidating into one action all direct purchaser class actions and, separately into another action, all indirect purchaser class actions, that (i) involve a common question of law or fact and (ii) are pending or may be transferred to or filed in this District;

    (b) coordinating all actions for purposes of discovery and case management;

    (c) setting a revised coordinated briefing schedule governing the filing of consolidated amended complaints by each group of plaintiffs, and any motions to dismiss such complaints; and

    (d) calling a status conference.

Federal Rule of Civil Procedure 42(a) permits the Court to order consolidation of actions pending before the trial court that involve a common question of law or fact.[1]  For the reasons below, the parties urge the Court to separately consolidate the direct and indirect purchaser actions, coordinate discovery and case management for all actions, and amend the briefing schedules in place in the *Picone*, *Richard*, and *Cummisford* actions to allow coordinated briefing in all matters.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The IPPs allege that Shire instituted objectively baseless patent litigation against Actavis in order to delay generic competition with its ADHD drug, Intuniv, allegedly in

---

[1] C.A. WRIGHT and A.R. MILLER, *Federal Practice and Procedure* (2008 ed.) § 2382 at 7.

violation of the antitrust laws.  The IPPs and the DPPs allege that, to resolve that litigation, Shire and Actavis entered into an allegedly unlawful settlement of that patent litigation containing an anticompetitive reverse payment, in violation of *FTC v. Actavis, Inc.*[2]  The plaintiffs seek damages, alleging that the direct, foreseeable, and intended consequence of the defendants' actions was to cause the plaintiffs and their respective class members to pay more for Intuniv and its generic equivalents than they otherwise would have paid in the absence of the defendants' allegedly unlawful conduct.

In November 2016, an indirect purchaser action, *Picone*, was filed in this district, and assigned to this Court.[3]  At the same time, two other indirect purchaser cases were filed in the Eastern District of Wisconsin,[4] and the Southern District of Florida.[5]

In December 2016, the first direct purchaser action, *FWK Holdings*, was filed in this district.[6]  Because the DPPs were unaware of the *Picone* case, the cases were not flagged as related, and, consequently, they were assigned to Judge Gorton.  In January 2017, a second direct purchaser action, *Rochester Drug*, was filed in this district, marked as related to *FWK Holdings*, and assigned to Judge Gorton.[7]  Although there are some differences among the plaintiffs' complaints in terms of theories of liability and factual emphasis, the complaints share a substantial number of common questions of law and fact.

---

[2] 133 S. Ct. 2223 (2013).

[3] *See* Compl., *Picone v. Shire U.S., Inc.*, No. 16-cv-12653 (ABD) (D. Mass., filed Nov. 23, 2016).

[4] *See* Compl., *Cummisford v. Shire U.S., Inc.*, No. 16-cv-1570 (E.D. Wisc., filed Nov. 23, 2017).

[5] *See* Compl., *Richard v. Shire U.S., Inc.*, No. 16-cv-24907 (S.D. Fla., filed Nov. 23, 2017).

[6] *See* Compl., *FWK Holdings, LLC. v. Shire plc*, No. 16-cv-12653 (NMG) (D. Mass., filed Dec. 30, 2016).

[7] *See* Compl., *Rochester Drug Co-Operative, Inc. v. Shire LLC*, No. 17-cv-10050 (NMG) (D. Mass., filed Jan. 11, 2017).

After filing *Rochester Drug*, the DPPs learned of the *Picone* case; accordingly, they asked

this Court and Judge Gorton to treat the DPP cases and *Picone* as related.[8]  Actavis later filed a

letter concurring that the cases should be treated as related.[9]

On January 20, 2017, the IPP cases pending in Wisconsin and Florida were transferred

to this district and subsequently  assigned to Judge Burroughs.  And on February 2, 2017,

Judge Gorton transferred *FWK Holdings* and *Rochester Drug* to this Court.[10]

In preparation for filing consolidated amended complaints, the initial conference,

anticipated motion practice, and discovery, and to assist in the efficient administration of this

and related cases, the parties believe it is necessary and appropriate at this time to consolidate

the IPP actions, consolidate the DPP actions, and coordinate the IPP and DPP cases for

purposes of discovery and pretrial proceedings through entry of the parties' proposed Case

Management Order No. 1.

## II.    ACTIONS INVOLVING COMMON QUESTIONS OF LAW AND FACT SHOULD BE CONSOLIDATED.

Where actions before a court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions;

or (3) issue any other orders to avoid unnecessary cost or delay.[11]  A court has "broad discretion

in weighing the costs and benefits of consolidation to decide whether that procedure is

appropriate."[12]  When two cases involve common issues of law and fact and a common party,

---

[8] *See* Mot. to Designate Cases as Related, *FWK Holdings*, No. 16-cv-12653 (NMG) (D. Mass., Jan. 12, 2017); Mot. to Designate Cases as Related, *Rochester Drug*, No. 17-cv-10050 (NMG) (D. Mass., Jan. 12, 2017), Letter from Kristie A. LaSalle, Associate, Hagens Berman Sobol Shapiro LLP to Hon. Allison D. Burroughs, District Judge, United States District Court for the District of Masschusetts (Jan. 12, 2017) (enclosing copy of motion).

[9] *See* Letter from Christopher T. Holding, Partner, Goodwin Procter LLP, to Hon. Allison D. Burroughs, District Judge, United States District Court for the District of Massachusetts (Jan. 19, 2017).

[10] Order, *FWK Holdings*, No. 16-cv-12653 (ADB) (D. Mass. Feb. 2, 2017); Order, *Rochester Drug*, No. 17-cv-10050 (ADB) (D. Mass., Feb. 2, 2017).

[11] Fed. R. Civ. P. 42(a).

[12] *Seguro de Servicio de Salud de Puerto Rico v. McAuto Systems Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989).

the motion to consolidate ordinarily will be granted unless the opposing party shows "demonstrable prejudice."[13]  Where there is no opposition to consolidation, courts ordinarily do not hesitate to consolidate.[14]

Here, all parties agree the IPP cases should be consolidated and that the DPP cases should be consolidated.  All actions seek damages against Shire and Actavis under Sections 1 and 2 of the Sherman Act (in the DPP actions) or corresponding state antitrust statutes (in the IPP actions).  The evidence and the witnesses will be largely, if not completely, the same.  Moreover, any subsequently-filed or transferred actions arising from the same questions of law and fact, alleging substantially the same wrongful conduct against the same defendants, asserting violations of the Sherman Act, and seeking certification of the same classes for damages, will entail substantially the same evidence and witnesses.  Accordingly, in the interest of efficiency, consistency, and judicial economy, all actions transferred to this Court, as well as all subsequently-filed or transferred actions, should also be consolidated under Rule 42(a)(2) of the Federal Rules of Civil Procedure.

## III.   THE COURT SHOULD ENTER CASE MANAGEMENT ORDER NO. 1 TO COORDINATE MOTION-TO-DISMISS BRIEFING

Presently, the Court has set a January 31, 2017 deadline for the defendants to file any motion to dismiss pursuant to Federal Rule of Civil Procedure 12 in the IPP actions.  To facilitate orderly briefing, all of the parties to the IPP and DPP actions have agreed upon a unified schedule for briefing all actions.  The parties ask that the Court enter an order setting the following schedule:

---

[13] *See id.* (quotation omitted).

[14] *See In re PRI Automation, Inc. Sec. Litig.*, 145 F. Supp. 2d 138, 140 (D. Mass. 2001).

On or before February 10, 2017,[15] pursuant to the letter agreement dated February 9, 2017, the defendants have produced to the plaintiffs limited pre-briefing discovery, intended to narrow the issues in this case:

> (a) The April 25, 2013 settlement agreement between Shire and Actavis (the "Actavis settlement");
>
> (b) The September 4, 2012 settlement agreement between Shire and Anchen/TWi (the "Anchen/TWi settlement"); and
>
> (c) Any communications between the defendants and the Federal Trade Commission, pursuant to the Medicare Modernization Act of 2003 regarding either the Actavis settlement or the Anchen/TWi settlement .

On or before March 3, 2017, the IPPs will file a Consolidated Amended Class Action Complaint, and the DPPs will file a Consolidated Amended Class Action Complaint.

On or before April 3, 2017, the defendants will file any motions to dismiss the Consolidated Amended Class Action Complaints pursuant to Federal Rule of Civil Procedure 12.

On or before May 3, 2017, the IPPs and DPPs will file responses to any motions to dismiss.

On or before May 31, the defendants may file any reply in support of any motion to dismiss.

On or before June 21, 2017, the IPPs and DPPs may file a sur-reply.

The parties have agreed to a temporary stay of discovery until the earlier of (i) a conference pursuant to Local Rule 16.1(a) or (ii) oral argument on any motion to dismiss filed by the defendants. The parties agree to meet and confer regarding the scope and timing of any

---

[15] Prior to the Court taking action on this Proposed Order, the parties agree to abide by this schedule in good faith, unless the Court orders otherwise.

initial discovery.  In the event the parties cannot agree, they will seek the Court's guidance at the conference or argument.

## IV.     STATUS CONFERENCE

In light of the numerous changes being effected as a result of the attached Motion and Case Management Order No. 1, the parties respectfully request that this Court call a status conference in order to ensure an efficient transition of their actions.

## V.     CONCLUSION

The parties respectfully request that the Court (a) consolidate the IPP actions and the DPP actions pursuant to Federal Rule of Civil Procedure 42(a), and (b) enter Case Management Order No. 1, setting a briefing schedule governing the pleadings stage of these litigations.[16]

Dated:  February 17, 2017

/s/     *Stephen H. Galebach*

Stephen H. Galebach (BBO #653006)
GALEBACH LAW OFFICE
9-11 Touro Avenue
Medford, MA  02155
Tel: 617-429-1966
steve@galebachlaw.com

Allan Kanner (*Admitted PHV*)
Conlee S. Whiteley (*Admitted PHV*)
Marshall Perkins (*Admitted PHV*)
Layne Hilton (*Admitted PHV*)
KANNER & WHITELEY, LLC
701 Camp Street
New Orleans, LA  70130
Tel: 504-524-5777
a.kanner@kanner-law.com
c.whiteley@kanner-law.com
m.perkins@kanner-law.com

Respectfully Submitted,

/s/     *Thomas M. Sobol*

Thomas M. Sobol (BBO #471770)
Kristen A. Johnston (BBO #632738)
Kristie A. LaSalle (BBO #692891)
Jessica R. MacAuley(BBO #685983)
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, Massachusetts 02142
Tel: 617-482-3700
Fax: 617-482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com
kristiel@hbsslaw.com
jmacauley@hbsslaw.com

*Attorneys for FWK Holdings LLC and Rochester Drug Co-Operative, Inc. and the proposed DPP class*

---

[16] Purusant to District of Massachusetts Local Rule 37.1, the parties state that, on January 26, 2017, the parties conferred regarding the issues presented in this memorandum, and are in agreement as to the relief sought.

l.hilton@kanner-law.com

Ruben Honik (*Admitted PHV*)
David J. Stanoch (*Admitted PHV*)
GOLOMB & HONIK, P.C.
1515 Market Street, Suite 1100
Philadelphia, PA  19102
Tel: 215-985-9177
rhonik@golombhonik.com
dstanoch@golombhonik.com

*Attorneys for the IPPs and the proposed IPP class*


/s/    ___Christopher J. Holding___

Christopher J. Holding (BBO# 600627)
Sarah K. Frederick (BBO# 679885)
David R. Fox (BBO# 692372)
Goodwin Procter LLP
100 Northern Avenue
Boston, MA  02210
Tel: 617-570-1000
cholding@goodwinlaw.com
sfrederick@goodwinlaw.com
dfox@goodwinlaw.com

*Counsel for Actavis Elizabeth LLC, Actavis LLC, and Teva Pharmaceuticals USA, Inc.*


/s/    ___Michael F. Brockmeyer___
Michael F. Brockmeyer (*Admitted PHV*)
David Shotlander (*Admitted PHV*)
Amanda Hamilton (*Admitted PHV*)
FROMMER LAWRENCE & HAUG LLP
1677 K Street NW
Washington, DC  20006
Tel: 202-292-1530
mbrockmeyer@flhlaw.com
dshotlander@flhlaw.com
ahamilton@flhlaw.com

David A. Zwally (*Admitted PHV*)
John F. Collins (*Admitted PHV*)
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, NY  10151

John D. Radice (*PHV forthcoming*)
Daniel Rubenstein (*PHV forthcoming*)
RADICE LAW FIRM, P.C.
34 Sunset Blvd
Long Beach, NJ  08008
Tel: (646) 245-8502
Fax: (609) 385-0745
jradice@radicelawfirm.com
drubenstein@radicelawfirm.com

Joseph M. Vanek (*PHV forthcoming*)
David P. Germaine (*PHV forthcoming*)
Jeffrey R. Moran (*PHV forthcoming*)
John P. Bjork
VANEK, VICKERS & MASINI, P.C.
55 W. Monroe
Suite 3500
Chicago, IL 60603
Tel: (312) 224-1500
jvanek@vaneklaw.com
dgermaine@vaneklaw.com
jmoran@vaneklaw.com
jbjork@vaneklaw.com

Paul E. Slater (*PHV forthcoming*)
Matthew T. Slater (*PHV forthcoming*)
SPERLING & SLATER, P.C.
55 W. Monroe
Suite 3200
Chicago, IL 60603
Tel: (312) 641-3200
pes@sperling-law.com
mslater@sperling-law.com

*Attorneys for FWK Holdings, LLC. and the proposed DPP class*


Peter R. Kohn (*PHV forthcoming*)
Joseph T. Lukens (*PHV forthcoming*)
David C. Calvello (*PHV forthcoming*)
FARUQI & FARUQI LLP
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046
Telephone: (215) 277-5770
Email: pkohn@faruqilaw.com

Tel: 212-588-0800
dzwally@flhlaw.com
jcollins@flhlaw.com

Fred A. Kelly , Jr.
Joshua Barlow
Tarae L. Howell
NIXON PEABODY, LLP
100 Summer Street
Boston, MA 02110
Tel: 617-345-1319
fkelly@nixonpeabody.com
jbarlow@nixonpeabody.com
thowell@nixonpeabody.com

*Attorneys for Shire LLC and Shire U.S., Inc.*

David F. Sorensen (*PHV forthcoming*)
Caitlin G. Coslett (*PHV forthcoming*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Email: dsorensen@bm.net

Barry S. Taus (*PHV forthcoming*)
Archana Tamoshunas (*PHV forthcoming*)
TAUS, CEBULASH & LANDAU, LLP
80 Maiden Lane, Suite 1204
New York, NY 10038
Telephone: (212) 931-0704
btaus@tcllaw.com
atamoshunas@tcllaw.com

*Attorneys for Rochester Drug Co-Operative, Inc.
and the proposed DPP class*

**CERTIFICATE OF SERVICE**

I, Christopher J. Holding, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system.  Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: February 17, 2017                  **/s/ Christopher J. Holding**